Scott SAXTON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0208–CR–657.

Court of Appeals of Indiana.

March 14, 2003.

Timothy J. O'Connor, O'Connor & Auersch, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attor-

ney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-defendant Scott Saxton appeals his probation revocation. We reverse.

### Issue

Saxton raises one issue for our review, which we restate as whether sufficient evidence supports the revocation of his probation.

### Facts and Procedural History

On June 4, 1993, the trial court sentenced Saxton to twenty years in the Department of Corrections for aggravated battery. He was subsequently released for three years of probation.

On May 13, 2002, at about 5:00 a.m., Jeffrey Davenport looked out his kitchen window toward Cynthia Eads's house and saw Saxton standing on Eads's air conditioner unit and peeping into her bathroom window. Davenport alerted his housemate, Susan Knepper, and ran out of the house. Davenport yelled at Saxton and chased him away. Shortly thereafter, Saxton reappeared and ran to his truck parked in front of Davenport's house. Davenport unsuccessfully attempted to prevent Saxton from driving away. Knepper relayed Saxton's license plate number and a description of his truck to the police. Knepper then knocked on Eads's door and explained what had happened.

As Saxton sped away, he failed to stop at a stoplight. Officer John Weir of the Plymouth Police Department witnessed the infraction and stopped Saxton's truck. Weir noticed that Saxton's truck and license plate number matched Knepper's description. Weir returned Saxton to Davenport's house, where Davenport posi-

tively identified him as the person who had peeped into Eads's bathroom window.

On June 4, 2002, the State filed a notice of probation revocation alleging that Saxton had committed voyeurism. At a revocation hearing on July 19, 2002, the State called Davenport, Knepper, and Weir as witnesses, but did not question them regarding Eads's knowledge of or reaction to Saxton's peeping. The State did not call Eads as a witness. The trial court concluded that Saxton had violated his probation by committing voyeurism and revoked his probation. Saxton now appeals.

### Discussion and Decision

■ Saxton contends that the State failed to establish that he committed voyeurism.

When reviewing the sufficiency of the evidence to support a probation revocation, we neither reweigh the evidence nor reassess the credibility of the witnesses. Rather, we look only at the evidence most favorable to the State. If there is substantial evidence of probative value to support the trial court's finding that a probation violation occurred, then we must affirm the trial court's decision.

*Packer v. State,* 777 N.E.2d 733, 740 (Ind. Ct.App.2002) (citations omitted).

■ If a probationer commits a crime while on probation, the trial court may revoke his probation. Ind.Code § 35–38–2–1(b). The State must prove a probation violation by a preponderance of the evidence. Ind.Code § 35–38–2–3(e). The State alleged that Saxton violated his probation by committing voyeurism. A person who peeps into an occupied dwelling of another person *without the consent* of the other person commits voyeurism, a Class B misdemeanor. Ind.Code § 35–45–4–5(a). "Peeping" is defined as "any looking of a clandestine, surreptitious, prying, or

secretive nature." Ind Code § 35–45–4–5(b).

The State presented evidence that Saxton peeped into Eads's window, but presented no direct or circumstantial evidence regarding whether Eads consented to the peeping. Under the statute, peeping alone is not a crime. While flight (such as Saxton's in the instant case) may be considered as circumstantial evidence of guilt, it is not sufficient evidence to prove the element of consent. *See Hudson v. State,* 496 N.E.2d 1286, 1292 (Ind.1986). We conclude that the State failed to establish that Saxton committed voyeurism and must therefore reverse the revocation of his probation.

Reversed.

FRIEDLANDER, J., and MATTINGLY–MAY, J., concur.