Scott **SAXTON**, Appellant (Defendant Below),

v.

**STATE of Indiana, Appellee**
(Plaintiff Below).

No. 49S02–0306–CR–250.

Supreme Court of Indiana.

June 20, 2003.

Timothy J. O'Connor, O'Connor & Auersch Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attor-

ney General, Indianapolis, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

Appellant Scott Saxton got arrested for voyeurism after he was caught standing on a home air conditioner staring into a woman's bathroom one morning at 5 a.m. Saxton was on probation at the time, and the trial court revoked his probation and ordered the balance of his sentence as executed time. Voyeurism only occurs in the absence of permission, of course, and Saxton says the State failed to prove that the victim did not give permission.

Saxton had served most of a twenty-year sentence for aggravated battery imposed in 1993. The last three years of the sentence had been suspended to probation.

Early in the morning on May 13, 2002, Jeffrey Davenport looked out the window of his Marshall County home and saw Saxton standing on the central air conditioning unit at the home next door, occupied by someone we will call Jane Jones and her husband. Saxton was using this perch to look into Jones' bathroom window. Davenport asked his housemate to watch Saxton while he went outside. While doing that, the housemate also telephoned 911.

Davenport went out into the yard and yelled at Saxton, who began to run and eventually made his way to a nearby truck. Davenport tried to stop Saxton from leaving, but after a brief scuffle Saxton managed to drive away. Davenport got the plate number, though, and the housemate gave it to the police over the telephone.

Saxton was in a sufficient hurry that he ran a stop sign, and officer John Weir stopped him. Weir noticed that Saxton's plate number and vehicle matched the description the police had received from the housemate, and Weir took him into custo-

dy. Davenport later identified Saxton as the perpetrator.

The State sought to revoke Saxton's probation by alleging that he had committed the crime of voyeurism, which is defined as peeping into an occupied dwelling of another person without the consent of the other person. Ind.Code Ann. § 35-45-4-5(a) (West 1998). "Peeping" is "any looking of a clandestine, surreptitious, prying, or secretive nature." Ind.Code Ann. § 35-45-4-5(b) (West 1998).

Saxton urges on appeal that the State did not establish that his peeping was without permission, largely relying on the fact that there was no direct evidence from Ms. Jones offered during the hearing. The Court of Appeals agreed and reversed. *Saxton v. State*, 784 N.E.2d 1022 (Ind.Ct.App.2003). We granted transfer.

A trial court may revoke a sentence that has been suspended to probation if the State establishes by a preponderance of the evidence that the probationer has violated a condition of probation. Ind.Code Ann. § 35-38-2-3(e) (West 1998). In this case, the condition in question is straightforward: the commission of a crime.

We conclude that the evidence was sufficient. Davenport's housemate testified about suspecting there was a peeping tom in the neighborhood as the result of observing tracks in the snow from her home to Jones' air conditioner, apparently sometime before May 13th. More probative, really, were the time of day and Saxton's reaction to being discovered. Put in terms of sufficiency of the evidence, the question becomes: can a trial court infer that someone caught standing on an air conditioner staring into a woman's bathroom at 5 a.m. who runs off rather forcefully when challenged was a person peeping without the permission of the target?

We say yes, and affirm the judgment of the trial court.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.